**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Christopher D., | |
| *Plaintiff*, | Case No. 3:25-cv-50118 |
| *v.* | Honorable Michael F. Iasparro |
| Frank J. Bisignano, Commissioner of Social Security, | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher D. brings this action under 42 U.S.C. § 405(g) seeking remand of the decision denying his application for disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On April 5, 2022, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of March 7, 2022. R. 185. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on March 22, 2024, finding that Plaintiff is not disabled. R. 15-26. The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> [He] is limited to occupations that require only frequent near and far acuity. He can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He is limited to occasional exposure to hazards such as unprotected heights or dangerous moving machinery or ladders. He is limited to occupations with no night driving. He is limited to simple, routine tasks and occasional interaction with the public.

R. 20. The ALJ found that Plaintiff is unable to perform past relevant work but there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 24-26.

The Appeals Council denied Plaintiff's request for review on February 7, 2025, making the ALJ's decision the final decision of the Commissioner. R. 1-6; 20 C.F.R. § 404.900(a)(5). Plaintiff then filed this action seeking judicial review.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 6.

1

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff finds fault in the Commissioner's decision, claiming the ALJ (1) erred in determining that Plaintiff is capable of light work; and (2) played doctor in assessing the evidence of record. As discussed in further detail below, the Court does not find that either of these alleged errors warrant remand.[2]

1) Light Work

Plaintiff first argues that the ALJ's RFC determination is flawed because the ALJ did not adequately support his determination that Plaintiff is capable of light work. Fatal to this argument, Plaintiff points to no medical opinion that limited Plaintiff to a more restrictive level of exertion than light work. *See Gedatus v. Saul*, 994 F.3d 893, 904 (7th Cir. 2021) ("A fundamental problem is she offered no opinion from any doctor to set sitting limits, or any other limits, greater than those the ALJ set."). Nonetheless, the Court will more fully address this argument.

The gist of Plaintiff's argument is that "[t]he ALJ did not explain how plaintiff's chronic pain, balance issues, and post-surgical limitations are consistent with the physical demands of light work." Dkt. 16, at 8. But it is not the ALJ's burden to prove what Plaintiff can do; it is Plaintiff's burden to show how his medically determinable impairments cause limitations that render him

---

[2] As an initial matter, the Court notes that Plaintiff's challenges to the ALJ's decision focus entirely on Plaintiff's physical impairments so the Court will follow suit. *See Bradley v. Vill. of Univ. Park, Ill.*, 59 F.4th 887, 897 (7th Cir. 2023) ("An appellant may waive a non-jurisdictional issue or argument in many ways, such as by failing to raise the issue or argument in the district court.").

disabled. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017) ("It was Summer's burden, not the ALJ's, to prove that she was disabled."). Thus, the question is not whether the ALJ pointed to evidence showing that Plaintiff *can* perform at the exertional level required for light work (with the assessed limitations) but whether Plaintiff has provided evidence showing that he cannot.

Plaintiff attempts to do so by pointing to several examples in the record of Plaintiff reporting issues with standing or walking for extended periods such as Plaintiff's "brief use of a cane," his "consistent complaints of balance issues,[3]" and "persistent low back and leg pain." Dkt. 16, at 6-8. But, as Plaintiff recognizes, the ALJ addressed this evidence and simply found other evidence (e.g., mild imaging findings, normal physical examinations, and Plaintiff's reported improvement with treatment) more persuasive. Plaintiff argues that the objective findings the ALJ pointed to as showing inconsistencies with Plaintiff's allegations of pain "do not *necessarily* negate the presence of pain or functional impairments." Dkt. 16, at 6 (emphasis added). But evidence that *may* support a different conclusion than the ALJ reached is not the same as evidence that "*compels a contrary result*" as is required to warrant remand. *Thorlton*, 127 F.4th at 1081 (emphasis added) (quoting *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021)); *see also Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025) (explaining that the court must affirm an adequately supported ALJ opinion "even if reasonable minds could differ about whether the claimant is disabled"). Although Plaintiff may not agree with the significance the ALJ assigned to these mixed findings, he "cannot prevail by arguing that the ALJ improperly weighed the evidence." *Reinaas v. Saul*, 953 F.3d 461, 466 (7th Cir. 2020).

2) Playing Doctor

Plaintiff also alleges that the ALJ played doctor "by selectively interpreting evidence, disregarding corroborated symptoms, and drawing unsupported conclusions from medical data." Dkt. 16, at 10. It is true that the ALJ cannot "highlight[] facts that support a finding of non-disability while ignoring evidence to the contrary." *Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020). Nor can the ALJ play doctor by "determining the significance of particular *medical* findings themselves." *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) (emphasis added). But the ALJ here did neither.

Much of Plaintiff's argument focuses on the ALJ's consideration of lay evidence such as Plaintiff's subjective reports of pain and weakness and physical therapy notes. But an ALJ is qualified to interpret such evidence without the input of a medical professional and thus does not play doctor when doing so. *See Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) (confirming that ALJs are qualified to review lay evidence). Instead, the ALJ's review of Plaintiff's subjective complaints is given "special deference" and will only be overturned if it is "patently wrong." *Summers*, 864 F.3d at 528 (quoting *Eichstadt v. Astrue*, 534 F.3d 663, 667-68 (7th Cir. 2008)). Here, Plaintiff has pointed to evidence that he believes the ALJ should have weighed differently

---

[3] Notably, even if the Court did find error in the ALJ's consideration of Plaintiff's balance issues, such error would be harmless as the Court "can predict with great confidence" that the vocational expert's testimony would not change with the addition of a balance limitation because none of the representative jobs involve balancing. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) (quoting *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011)); *see also* DOT 209.587-034 Marker; DOT 323.687-014 Cleaner, Housekeeper; DOT 222.687-022 Routing Clerk.

but does not point to "a line of evidence" that the ALJ ignored or any other patent errors in the ALJ's consideration of Plaintiff's subjective complaints. *Deborah M.*, 994 F.3d at 788; *see also Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010) ("Jones must do more than point to a different conclusion that the ALJ could have reached to demonstrate that the credibility determination was patently wrong."). And, as described above, Plaintiff cannot succeed with an argument that the ALJ improperly weighed the evidence.

Plaintiff does point to some imaging studies that the ALJ allegedly interpreted without the input of a medical expert. Dkt. 16, at 10. However, the ALJ did not rely on these imaging studies cited by Plaintiff but simply pointed to the reports from that appointment noting that Plaintiff "had intact sensation and reflexes." R. 22; *see also Hodges v. Saul*, No. 18-C-1129, 2020 WL 290582, at *10 (E.D. Wis. Jan. 21, 2020) (explaining that evaluating medical notes, rather than "raw medical data," "is what the ALJ is supposed to do"). Moreover, even if the ALJ had relied on these findings, such reliance would have been reasonable because Dr. Baksh determined that the imaging showed "relatively normal alignment without significant deformity" as well as "a small disc bulge at L2-3 but otherwise there is no significant stenosis." R. 610. Thus, this evidence was not "the 'medical mumbo jumbo' [the Seventh Circuit has] warned judges not to interpret" but "was conveyed in layman's terms" by Dr. Baksh. *Baptist v. Kijakazi*, 74 F.4th 437, 442 (7th Cir. 2023) (quoting *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)); *see also Branch v. Astrue*, No. 10 C 6336, 2011 WL 4585561, at *6 (N.D. Ill. Sept. 29, 2011) (concluding that an ALJ did not play doctor by finding MRI results to show "minimal arthritis" when "the MRI report itself stated" the same). The state agency consultant on reconsideration also reviewed this imaging (as well as all the other evidence Plaintiff alleges was misinterpreted or improperly relied on by the ALJ) and incorporated it into his RFC conclusion. R. 81; *see also Durham v. Kijakazi*, 53 F.4th 1089, 1095 (7th Cir. 2022) (holding that the ALJ did not play doctor when "the ALJ simply restated" the findings of a medical expert).

Finally, Plaintiff argues that the ALJ erred "by minimizing the severity of plaintiff's visual impairments based on selective and unsupported interpretations of the medical record." Dkt. 16, at 10. Plaintiff points out that "no medical expert opined that plaintiff's visual symptoms were functionally insignificant or fully correctable." Dkt. 16, at 11. But again, this statement misunderstands the role of the ALJ and Plaintiff in these proceedings. The ALJ has the responsibility to fully and fairly develop the record, but Plaintiff has the duty to present evidence of his disability. *See Thorlton*, 127 F.4th at 1080 ("The claimant must present evidence of limitations affecting their capacity to work."). It was not the ALJ's burden to produce an expert opinion disproving that Plaintiff's visual impairments were as limiting as alleged; it was Plaintiff's burden to produce evidence that they were.

Based on the evidence presented, the ALJ limited Plaintiff "to occupations that require only frequent near and far acuity" and "no night driving." R. 20. This "was more restrictive than what any state agency physician recommended—demonstrating the ALJ's careful deliberation" over Plaintiff's vision impairment. *Padua v. Bisignano*, 145 F.4th 784, 792 (7th Cir. 2025). Equally fatal to Plaintiff's argument is that he "hypothesizes" no further restrictions that should have been assessed to address his visual impairments. *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). Because of "[t]he ALJ's careful consideration," and with no "opinion from a doctor who would have imposed greater restrictions than those the ALJ found," it would be "difficult for [the Court]

4

to find that the ALJ misjudged the evidence so significantly as to warrant reversal." *Tutwiler v. Kijakazi*, 87 F.4th 853, 859-60 (7th Cir. 2023).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: May 19, 2026                   By: _____

Michael F. Iasparro
United States Magistrate Judge